# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SHAUNDELL LAMAR WILSON, a/k/a
Dale,

*Defendant-Appellant.*

No. 02-4897

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-00-136-MU)

Submitted: April 9, 2003

Decided: April 25, 2003

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Jack M. Knight, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In February 2002, Shaundell Lamar Wilson pled guilty to conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (2000), pursuant to a written plea agreement. The plea agreement stipulated that if Wilson provided substantial assistance, the Government could, within its sole discretion, make a motion for a downward departure pursuant to *U.S. Sentencing Guidelines Manual* § 5K1.1 (2000). The plea agreement likewise stated that the Government would exercise its discretion to determine whether Wilson's assistance was substantial. At sentencing, the Government did not move for a downward departure for substantial assistance. Wilson did not object to his guidelines sentencing range or the failure of the Government to move for a substantial assistance departure. The court sentenced Wilson to serve 292 months' imprisonment, and Wilson filed a timely notice of appeal.

Wilson's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), acknowledging that he has examined the entire record and has been unable to identify any meritorious issues for appeal. Nevertheless, counsel raised the issue of whether the Government breached the plea agreement or acted in bad faith in failing to recommend a downward departure based on substantial assistance. Counsel has notified Wilson of his right to file a pro se supplemental brief, but Wilson has not done so.

When the Government has not promised to request a substantial assistance departure in return for defendant's substantial assistance, a court may review the prosecutor's decision not to move for a departure only if the refusal is based on an unconstitutional motive, such as race or religion, or is not rationally related to a permissible government objective. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Maddox*, 48 F.3d 791, 796 (4th Cir. 1995). Before the court may inquire into the Government's reasons, defendant must make a "substantial threshold showing" of impropriety. *Wade*, 504 U.S. at 186. As counsel concedes, Wilson has failed to make the necessary threshold showing. In the absence of any evidence of an unconstitutional motive or bad faith on the part of the Government,

we find no error in the Government's declining to move for a downward departure based on substantial assistance. *See United States v. Snow*, 234 F.3d 187, 191 (4th Cir. 2000).

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. Accordingly, we affirm Wilson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*